**FILED**

JAN 27 2009

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| ERIC RODNEY HILL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) Civil Action No. | **09 0143** |
| ) | |
| SCOTT A MIDDLEBROOKS, Warden, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Petitioner is a prisoner under sentence imposed by the Superior Court for the District of Columbia on May 11, 2005. He has filed an application to proceed *in forma pauperis* and a *pro se habeas* petition challenging his conviction. Specifically, he asserts that he was denied the right to cross-examine his accusers and the right to present evidence at his criminal trial. (*See* Pet. at 5-6; *see also, generally,* Attachment to Pet.) The application to proceed *in forma pauperis* will be granted, but the petition will be dismissed without prejudice because this court lacks jurisdiction to consider it.

Collateral challenges to sentences imposed by the Superior Court must be brought in that court by a motion made under D.C. Code § 23-110. See Blair-Bey v. Quick, 151 F.3d 1036, 1042 (D.C. Cir. 1998) (§ 23-110 is exclusive remedy for such challenges). Such a motion "may be made at any time." D.C. Code § 23-110(b). It is unclear from the petition whether or not the petitioner has sought relief by filing a motion under § 23-110. In either case, however, this court has no jurisdiction to entertain this petition. "An application for a writ of habeas corpus in behalf

of a prisoner who is authorized to apply for relief by motion [under § 23-110] shall not be entertained by . . . any Federal . . . court if it appears . . . that the applicant has failed to make a motion for relief under [§ 23-110] or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g). Unlike other prisoners convicted in state courts or those convicted in a United States District Court, "District of Columbia prisoner[s] ha[ve] no recourse to a federal judicial forum [under either Section 2254 or Section 2255] unless [it is shown that] the local remedy is inadequate or ineffective to test the legality of his detention." Garris v. Lindsay, 794 F.2d 722, 726 (D.C. Cir. 1986) (internal footnote and quotation marks omitted); see Byrd v. Henderson, 119 F.3d 34, 36-37 (D.C. Cir. 1997) ("In order to collaterally attack his sentence in an Article III court a District of Columbia prisoner faces a hurdle that a federal prisoner does not.")

Generally, "[s]ection 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus." Saleh v. Braxton, 788 F. Supp. 1232 (D.D.C. 1992); accord Blair-Bey v. Quick, 151 F.3d at 1042 (describing § 23-110 remedy as "analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wished to challenge their conviction or sentence.").

> In determining whether the local remedy is 'inadequate or ineffective,' we are guided by judicial interpretations of the statutory provisions enabling federal prisoners to challenge their convictions. The federal and local statutes are nearly identical in language, and functionally they are equivalent. The remedy now available to District of Columbia prisoners was patterned after that conferred upon federal prisoners, and both remedies are commensurate with habeas corpus. That judges of the Superior Court do not have the tenure and salary protection afforded federal judges does not call for a different conclusion. "[T]he judges of the Superior Court of the District of Columbia must be presumed competent to decide all issues, including constitutional issues, that routinely arise in the trial of criminal cases."

Garris v. Lindsay, 794 F.2d at 726 (quoting Swain v. Pressley, 430 U.S. 372, 382-83 (1977))

2

(footnotes omitted). The mere denial of relief by the local courts does not render the local remedy inadequate or ineffective. See id. at 727; Charles v. Chandler, 180 F.3d 753, 756-58 (6th Cir. 1999) (citing cases); Wilson v. Office of the Chairperson, 892 F. Supp. 277, 280 (D.D.C. 1995).

Petitioner has not claimed, and it does not appear, that a motion under § 23-110 is inadequate or ineffective to test the legality of his conviction and detention. Therefore, his habeas petition before this court must be dismissed for lack of jurisdiction. An appropriate Order accompanies this Memorandum Opinion.

Date: Jan. 8, 2009

_____
United States District Judge